UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-CV-00126-FDW

| MAGEBA TEXTILMASCHINEN | ) |
| GMBH & CO. KG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| SCOTT ARCHIBALD, | ) |
| | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Defendant's Motion to Dismiss Count III in part and Count V of the Complaint (Doc. No. 7) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Having reviewed the briefs in support and opposition, as well as the applicable law, this court concludes that dismissal is warranted at this time for the reasons set forth herein. Accordingly, Defendant's Motion is GRANTED.

## I. BACKGROUND

Plaintiff filed the instant action on February 24, 2012, in this court, alleging breach of contract and misappropriation of trade secrets by Defendant. This Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332. This District is the proper venue for this action pursuant to 28 U.S.C. § 1391.

Plaintiff is a corporation organized under the laws of Germany, which specializes in manufacturing, selling and developing narrow fabric production technology. In 2004, Plaintiff and Defendant entered into an employment agreement ("the Agreement"). Pursuant to the non-compete clause in Section 04 of the Agreement, the "Representative," being Defendant, shall not "during the

1

continuance of the Agreement without the written consent of the Principals [Plaintiff] sell or act as an Agent or Representative for the sale of new or second-hand goods similar to those comprised in this Agreement within the Territory." (Doc. No. 8-1, Exhibit A). Section 04 of the Agreement further states that "by signing the Agreement the Representative undertakes this commitment for a period of three years after the date of termination of the Agreement . . . ." Id. In May of 2010, Plaintiff informed Defendant that his employment would be terminated, effective November 2010. In August 2010[1], Defendant went to work for Jakob Müller of America, Inc. ("Jakob Müller"). Plaintiff alleges that Defendant breached the non-compete clause in the Agreement by commencing employment with a direct competitor, Jakob Müller, prior to expiration of the Agreement and continuing employment with Jakob Müller after termination of the employment.

Plaintiff filed this action asserting the following causes of action: (1) permanent injunction, (2) misappropriation of trade secrets, (3) breach of employment agreement, (4) unfair trade practices, and (5) punitive damages. Defendant moves to dismiss the breach of employment agreement and the punitive damages claims.

## II. STANDARD OF REVIEW

A motion to dismiss tests the legal and factual sufficiency of the Complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). "Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 12(b)(6) motions should be granted when the Complaint fails to contain "enough facts

---

[1] The date Defendant began his new employment appears to be in dispute. The Complaint states that Defendant began working for Müller in August 2011, while the Answer states Defendant began working for Müller in August 2010.

2

to state a claim for relief that is plausible on its face." Id. at 570.

### III. DISCUSSION

Defendant argues that German law applies and therefore Count V (Punitive Damages) and part of Count III (Breach of Employment Agreement) should be dismissed for failure to state a claim for which relief can be granted. (Doc. No. 7). The Court agrees.

*A. CHOICE OF LAW*

Section 22 of the Agreement states that the "Agreement shall be interpreted in all respects according to the internal substantive and formal German law . . . ." (Doc. No. 7, Exhibit A). While the Agreement states that German law shall interpret the terms of the contract, Plaintiff argues that the meaning of the choice-of-law provision is ambiguous and North Carolina law should apply. (Doc. No. 14). The Court disagrees. Under North Carolina law, a choice-of-law provision in a contract may overcome the presumption that contract interpretation is governed by the law of the place where the contract was made. Volvo Constr. Equip. N.A., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 601 (4th Cir. 2004). "Where parties to a contract have agreed that a given jurisdiction's substantive law shall govern the interpretation of the contract, such a contractual provision will be given effect." UBS Painewebber, Inc. v. Aiken, 197 F.Supp.2d 436, 444 (W.D.N.C. 2002) (quoting Bueltel v. Lumber Mut. Ins. Co., 134 N.C. App. 626, 631, 518 S.E.2d 205, 209 (1999)).

In the instant case, the Agreement clearly states that German law will control the interpretation of the contract and Plaintiff has not set forth any reason why North Carolina's choice-of-law rules preclude the application of German substantive law to the interpretation of the Agreement. Assuming *arguendo* that the choice-of-law provision language is ambiguous, the Court has found "to the extent the language of a written instrument is ambiguous, its provisions are to be strictly construed against the drafting party." Washburn v. Yadkin Valley Bank and Trust Co., 660

S.E.2d 577 (N.C. Ct. App. 2008). Construing the Agreement against Plaintiff, as the drafter of the instrument, German law would apply. Consequently, German law applies whether or not the choice-of-law provision is ambiguous.

B. TERMS OF THE AGREEMENT

According to German law, a non-compete provision that purports to impose longer than a two-year post termination non-compete restriction is unenforceable as a matter of law. HGB § 74a(1). According to the German Code (*Handelsfesetzbuch*, hereafter "HGB"), when an employer or principal terminates an employee or contractor without giving written notice of "significant cause" or "fault", the non-compete is unenforceable as a matter of law. HGB §§ 75(2), 90a(3)-(4). In addition, under German law, "the prohibition of competition is only binding where the principal is obligated, for the term of the prohibition, to pay compensation that equals, for each year of the prohibition, at least one-half of the most recent contractual salary received by the commercial assistant," and "the entrepreneur is obligated to pay reasonable compensation to the commercial agent for the duration of the prohibition of competition." HGB §§ 74(2), 90a(1). Defendant alleges that Section 04 of the Agreement is unenforceable under the HGB as a matter of law because (1) the non-compete provision restricts competition to a three-year term; and (2) Plaintiff's allegations are insufficient as a matter of law because of it's failure to assert it complied with the standards of the HGB. Id. The Court agrees.

The Court finds the non-compete provision unenforceable under the HGB for the following reasons. First, a non-compete provision shall not exceed a two-year period of prohibition while the prohibition period set forth in the Agreement at hand extends to a three-year period. HGB § 74a(1). Second, Plaintiff makes no allegation it complied with the HGB requirements. Plaintiff, as the employer, did not comply with the requirement that when an employee or agent is terminated the

4

employer or principal must provide written cause for termination to such employee or agent. HGB § 75(2). The principal or employer is also required to provide compensation that equals at least one-half of the most recent contractual salary received by the employee or agent for every year of the prohibition of competition, of which Plaintiff failed to provide as well as include in the Agreement. HGB §§ 74(2), 74a(1), 90a(1).

C. PUNITIVE DAMAGES

Furthermore, Defendant argues that Plaintiff is requesting punitive damages and attorney's fees for which it is not entitled because German law does not recognize punitive damages as a matter of public policy. Exxon Shipping Co. v. Baker, 554 U.S. 471, 497 (2008). Assuming *arguendo* that North Carolina law applies, punitive damages are not allowed for the common law claims alleged by Plaintiff. Under North Carolina law, punitive damages are not a separate cause of action. Hawkins v. Hawkins, 400 S.E.2d 472, 474, 101 N.C. App. 529, 532 (1991). Further, punitive damages are only available for certain common law causes of action and are not allowed for breach of contract common law claims. Shore v. Farmer, 351 N.C. 166, 522 S.E.2d 73 (1999). Thus, under both North Carolina law and German law, Plaintiff's request for punitive damages is subject to dismissal.

D. RULE 26(f) CONFERENCE

Also, before the Court, *sua sponte*, is the parties failure to timely file a Rule 26(f) report. Pursuant to the NOTICE served on the parties on April 13, 2012, the parties were required to confer as provided by Local Rule 16.1, Local Rule 73.1, and Rule 26(f) of the Federal Rules of Civil Procedure and to file a Certificate of Initial Attorneys Conference within five (5) days of the conference. Under this Court's Standing Order, joinder of the issues occurred on April 13, 2012 when the Answer was filed. (Initial Standing Order, 3:07-MC-00047, Doc. No. 2). It does not

5

appear to the Court that the parties have complied with the requirements of the April 13, 2012 Notice or the applicable rules.

The court ORDERS the parties to immediately familiarize themselves with this Court's Initial Scheduling Order and other standing orders, which may be found on the Court's Internet Site and at 3:07-MC-00047. Due to the parties non-compliance and in order to facilitate moving this case along, the parties are ordered to file a Certification of Initial Attorneys Conference in compliance with the Court's standing orders within seven (7) calender days of this Order. Parties are cautioned that failure to comply with the Court's standing orders could result in sanctions.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 7) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED. The Court hereby dismisses that portion of Count III to the extent it asserts a claim for breach of the covenant not to compete and Count V in its entirety.

IT IS FURTHER ORDERED the parties must confer and file a Certificate of Initial Attorneys Conference within seven (7) days of this order.

IT IS SO ORDERED.

Signed: July 2, 2012

Frank D. Whitney
United States District Judge